PROB 12CJ
(Rev. 3/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 1:96CR00005-001 |
| ) | |
| Anthony Byrd ) | |
| ) | |
| **Defendant** ) | |

### Petition on Probation and Supervised Release

COMES NOW John G. Selvaggi PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Anthony Byrd, who was placed on supervision by the Honorable Sue L. Robinson sitting in the court in Wilmington on the 13th day of May, 1998 who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to any requested financial information;

2. The defendant shall participate in a drug aftercare treatment program which may include urine testing at the direction of the probation officer;

3. At the direction of the probation office, if unemployed, the defendant shall participate in a vocational or educational training program.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

**Condition #3:** "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

**Evidence:** On February 6, 2007, Mr. Byrd advised his probation officer that he secured a job with Opinion Access Corporation, in Queens, New York. On April 19, 2007, the probation officer learned that the defendant was not an employee of this company. On April 30, 2007, Mr. Byrd admitted that he lied about working for Opinion Access Company.

PRAYING THAT THE COURT WILL ORDER that the conditions of supervised release modified, to include the following: For a period of 60 days, the defendant shall remain in his home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he is reasonably able.

| ORDER OF COURT | Under the penalty of perjury I declare the foregoing is true and correct: |
|---|---|
| Considered and ordered this __2d__ day of __July__, 20_07_. | |
| _____ | _____ |
| Chief U.S. District Judge | Deputy Chief U.S. Probation Officer |
| | Place   Wilmington, Delaware |
| | Date    June 28, 2007 |